An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS OF: K.W., MINOR.

DEANN W.,
Appellant,
vs.
DANIEL A.W.,
Respondent.

No. 64527

**FILED**

JUN 11 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is a pro se appeal from a district court order terminating appellant's parental rights as to her minor child. Eighth Judicial District Court, Clark County; J. Charles Thompson, Senior Judge.

Appellant contends that she did not receive notice of the evidentiary hearing on respondent's petition to terminate her parental rights. Respondent asserts that appellant was aware of the hearing but inexplicably refused transport from the Clark County Detention Center where she was being held. The record reflects that appellant was not present in court when the district court continued the evidentiary hearing and scheduled the follow-up hearing for November 21, 2013. The district court entered an order directing that appellant be transported from the Detention Center for that hearing, but the record does not establish that appellant was served with notice. Thereafter, appellant failed to appear at the hearing because she refused to be transported and the district court proceeded with the evidentiary hearing in her absence.

NRS 128.090(4) provides that if a hearing on a petition to terminate parental rights is postponed, "all persons served, who are not present or represented in court at the time of the postponement, must be notified" in the manner provided under the rules of civil procedure. Procedural due process mandates that parents be afforded notice of the

15-17856

hearing and an opportunity to be heard. *See In re Parental Rights as to N.D.O.*, 121 Nev. 379, 382, 115 P.3d 223, 225 (2005); *see also Gonzales-Alpizar v. Griffith*, 130 Nev., Adv. Op. 2, 317 P.3d 820, 827 (2014). We conclude that the failure to notify appellant in the manner provided under NRCP 5 of the November 21, 2013, continued hearing date was contrary to NRS 128.090(4) and violated appellant's due process rights because she was not present at the second day of the hearing, was representing herself, and did not have an adequate opportunity to defend the action. Accordingly, we reverse the district court's order and remand this matter for further proceedings. We caution appellant, however, that provided she receives adequate notice and opportunity to defend the action on remand, her failure or refusal to appear at the hearing falls outside the ambit of due process protections and will not be excused.

It is so ORDERED.[1]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[1]We have considered all pro se motions and other documents filed by appellant and conclude that no additional relief requested therein is warranted.

cc: Chief Judge, The Eighth Judicial District Court
Hon. J. Charles Thompson, Senior Judge
DeAnn J.W.
Daniel A.W.
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A